FILED
DALLAS COUNTY
4/14/2015 6:47:19 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-04242 _____

| | | |
|---|---|---|
| OROZCO, MARIA AND OROZCO, JOSE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM FIRE AND CASUALTY COMPANY | § | ____JUDICIAL DISTRICT |
| | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Maria and John Orozco, (hereinafter referred to as "Plaintiff"), complaining

of Defendant, STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter referred to as

"Defendant") and hereby respectfully shows unto the Court and Jury as follows:

**I.   DISCOVERY CONTROL PLAN**

Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas

Rules of Civil Procedure.

**II.   PARTIES**

1.   Plaintiff, Maria and John Orozco, is an individual and resident of DALLAS COUNTY.

2.   Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is an insurance

company operating in the State of Texas, procuring and adjusting policies in Texas.   STATE

FARM FIRE AND CASUALTY COMPANY can be served through its registered agent at the

following address, or wherever they may be located:

> Margie Southard
> 8900 Amberglen Blvd
> Austin, TX 78729



EXHIBIT
C

### III.   JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

2.      Venue is mandatory and proper in DALLAS COUNTY, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in DALLAS COUNTY, Texas.

### IV.   CONDITIONS PRECEDENT

All conditions precedent to recover have been performed, waived, or have occurred.

### V.   FACTS

1.      Plaintiff is the owner of insurance Policy No. <u>43QN77759</u> issued by the Defendant (hereinafter the "Policy").

2.      Plaintiff owns the insured property which is specifically located at <u>4503 Ginger Avenue, Dallas, Texas 75211</u> (hereinafter the "Property").

3.      Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

4.      On or about <u>April 17, 2014,</u> a wind and hail storm struck North Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's home.

5.      Plaintiff submitted a claim to Defendant against the Policy for roof and other damage and resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

6.      Defendant has assigned Claim Number <u>43-437W691</u> to Plaintiff's claim.

7.      Defendant hired and/or assigned an adjuster to adjust the claim.

8.      Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

9.      Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

10.     Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

11.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

12.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

13.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under

the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(3).

14.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

15.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

16.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

17.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

18.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

19.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VI.    CAUSE OF ACTION – BREACH OF CONTRACT

1.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.     According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiff's home and personal Property have been damaged.

3.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of

Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## VII.   CAUSE OF ACTION – VIOLATION OF SECTION 542

1.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.     Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for their claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

## VIII.   CAUSE OF ACTION – VIOLATION OF DECEPTIVE TRADE PRACTICES ACT

1.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.     Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

i.      By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear;

ii.     As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

iii.    As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA; As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

iv.     As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

v.      As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

vi.     Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

vii.    Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

viii.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

3.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## IX.    CAUSE OF ACTION – UNFAIR INSURANCE PRACTICES

1.      Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.      Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's home on which

liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices.

i.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

ii.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

iii.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

iv.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

vi.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

3.      Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

4.      All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**X.      CAUSE OF ACTION – BREACH OF DUTY OF GOOD FAITH & FAIR DEALING**

1.      Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.      Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

3.      These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### XI.   CAUSE OF ACTION – FRAUD

1.      Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

2.      Defendant is liable to Plaintiff for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### XII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XIII.  DAMAGES

The above-described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIV.  STATEMENT OF RELIEF AND AMOUNT OF DAMAGES

The total damages sought by Plaintiff against Defendant for all elements of damage do not exceed the sum of $75,000 exclusive of interest and costs, and for the purposes of Texas Rules of Civil Procedure Rules 47 and 169, this amount does not exceed $100,000, including exemplary and punitive damages, penalties, attorneys' fees, interest, and costs. Plaintiff further pleads for judgment for all the other relief to which it deems justly entitled.

## XV.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XVI.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice"

as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XVII. ATTORNEY'S FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XVIII. WRITTEN DISCOVERY

Plaintiff's Requests for Production and Interrogatories to Defendant are attached hereto.

## XIX. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure,

both as to actual damages, consequential damages, treble damages under the Texas Insurance Code

and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as

may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law,

and for any other and further relief, at law or in equity, to which they may show themselves to be

justly entitled.

Respectfully Submitted,

MARTINEZ HSU, P.C.
1601 E. Lamar Blvd., Ste. 114
Arlington, TX 76011
Tel: (682) 224-7810
Fax: (682) 730-8998

  /s/ Marcos P. Martinez
Marcos P. Martinez
State Bar No. 24087984
E-mail: marcpmartinez@mhlegalgroup.com
Attorney for Petitioner, Maria and Jose Orozco

CAUSE NO. _____

| | | |
|---|---|---|
| **OROZCO, MARIA AND** | § | **IN THE DISTRICT COURT** |
| **OROZCO, JOSE** | § | |
| **VS.** | § | |
| | § | |
| **STATE FIRE AND CASUALTY** | § | **_____JUDICIAL DISTRICT** |
| **COMPANY** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

TO:   Defendant, STATE FIRE AND CASUALTY COMPANY, by and through its registered agent for service of process along with Plaintiff's Original Petition which is attached hereto.

COMES NOW, Maria and John Orozco ("Plaintiff") and, pursuant to the Texas Rules of Civil Procedure, hereby serves her/his Requests for Production and Interrogatories. Plaintiff requests that Defendant timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully Submitted,

MARTINEZ HSU, P.C.
1601 E. Lamar Blvd., Ste. 114
Arlington, TX 76011
Tel: (682) 224-7810
Fax: (682) 730-8998

  /s/ Marcos P. Martinez
Marcos P. Martinez
State Bar No. 24087984
E-mail: marcpmartinez@mhlegalgroup.com
Attorney for Petitioner, Maria and Jose Orozco

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's

Original Petition on the Defendant in accordance with the Texas Rules of Civil Procedure.


   /s/ Marcos P. Martinez_____
Marcos P. Martinez
State Bar No. 24087984
E-mail: marcpmartinez@mhlegalgroup.com
Attorney for Petitioner, Maria and Jose Orozco

## INSTRUCTIONS

1. Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

2. Please respond to the attached Interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

3. Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney

4. Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and Interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5. Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6. The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7. Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8. These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9. Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12. These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned

counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13. The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14. If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG.**

15. "Defendant" or "INSURANCE COMPANY," "You," "Your," and/or "Yourself" means Defendant, STATE FARM FIRE AND CASUALTY COMPANY, and its agents, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

16. "Plaintiff" means Plaintiff, Maria and Jose Orozco, and her/his agents, representatives, attorneys, and any other person or entity acting on behalf of him or any of the foregoing.

17. The "Property" means the residence(s) specifically described in Plaintiff's Petition and which is the insured's property(ies) at issue in this Lawsuit.

18. The "Lawsuit" means the above-styled and numbered case.

19. "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendants.

20. The "Petition" means Plaintiff's Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

21. The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

22. The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other

instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. **This definition requires you to search for and produce electronic Documents.**

23.   The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

24.   The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

25.   The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

26.   "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

27.   The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

28.   The term "or" as used herein shall mean and include "and" or "and/or".

29.   The term "all" as used herein shall mean "any" and "all".

30.   The term "including" as used herein shall mean "including but not limited to".

31.   The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

## REQUEST FOR PRODUCTION

Please produce the following documents or tangible things and/or answer the following requests for production, as applicable;

1.  A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

3.  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

4.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

5.  All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's and/or the Property.

6.  Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit, including but not limited to all estimates prepared by all claims adjusters of Defendant regarding the Property and all reports prepared by all engineers hired by Defendant to inspect, test, or observe the Property.

7.  Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff's under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

8.  All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

9.  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

10. Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

11. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

12. Any and all activity logs relating to Plaintiff's claim(s) for property and water damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

13. Any and all documents reflecting or relating to Defendant's decisions to pay or deny additional expenses to or on behalf of Plaintiff in this case.

14. Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

15. All documents and communications, including electronic, between any engineer(s) or engineering company(s), used to evaluate Plaintiff's claim(s), or other person(s) used in handling Plaintiff's claim(s) and Defendant in the last five years regarding, in any way, the investigation of a homeowners' residence, commercial building or church involving damages to the structures or its contents.

## INTERROGATORIES

1. State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

2. If you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

3. List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiff's notice of claim(s) and in what form the notice of claim was submitted.

4. State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiff's claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

5. State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's denial and/or recommendation of denial of Plaintiff's' claim(s) under the Policy.

6. State every basis, in fact and in the terms of Plaintiff's Policies, for Defendant's failure to pay for Plaintiff's full damage claim(s) under the Policy.

7. State every basis, in fact and in the terms of Plaintiff's Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

8. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060.

9.   State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

10.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

11.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

12.  Please describe all conversations, communications, conferences, representations or meetings, including the date, time, location, and method of contact, between you and Plaintiff regarding the claim that is the subject of this lawsuit.

13.  Please indicate the length of time Plaintiff has been insured by Defendant's company within the last 10 years.

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of ___ May ___, A.D., 2015.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy